IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HENRY E. WADE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-3236 |
| WESLEY L. BARR, Sangamon County Sheriff, DAVID A. TIMM, Deputy with Sangamon County Sheriff's Office, ANDREA L. CLINE, Deputy with Sangamon County Sheriff's Office, JOHN C. MILHISER, Sangamon County State's Attorney, DEREK DION, Assistant State's Attorney, | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

RICHARD MILLS, United States District Judge:

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

Section 1915A requires the Court to identify cognizable claims stated by the complaint or dismiss claims that are not cognizable. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. "[A] complaint must

contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

The Plaintiff is currently detained and in the custody of the Sangamon County Sheriff. He is charged with manufacture/delivery of a controlled substance. *See State of Illinois v. Henry E. Wade*, Case No. 2016-CF-000372.

The Plaintiff has identified five Defendants, all of whom are affiliated with the Sangamon County Sheriff's Office or the Sangamon County State's Attorney's Office. Sheriff Wesley L. Barr, Deputy Sheriff David A. Timm, Deputy Sheriff Andrea L. Cline, State's Attorney John C. Milhiser and Assistant State's Attorney Derek Dion are named as Defendants.

The Plaintiff alleges that on April 27, 2016, he was at the Parkway Pub on Dirksen Parkway. The Plaintiff claims that Deputy Sheriff David Timm approached and asked if any of the individuals who were smoking outside of the pub were selling drugs. Each of the three men denied selling drugs. The Plaintiff asserts the other men were allowed to leave while he was questioned and searched before being released after 40 minutes.

The Plaintiff alleges Deputy Timm then reappeared while he was talking to a woman, Jennifer Ford, outside the pub. Ford told Deputy Timm that Plaintiff threw something over the fence. The Plaintiff was arrested.

The Plaintiff next alleges Deputy Timm then updated Deputy Cline on his motive. Twenty minutes later, Deputy Timm reappeared to advise the Plaintiff of charges though he gave no warnings. The Plaintiff includes a portion of a transcript of a preliminary hearing in Sangamon County Court, at which Deputy Timm testified he did not Mirandize the Plaintiff because he did not question him after placing him under arrest. Deputy Timm remained at the scene to collect another statement from Jennifer Ford.

The Plaintiff alleges that upon information and belief, Deputy Timm and Deputy Cline had the same intent and motive and acted under color of state law. The Plaintiff claims that, in failing to Mirandize him after he was taken in to custody, Deputy Timm violated his Fourteenth Amendment due process rights. He alleges that by witnessing this occurrence, Deputy Cline also violated his Fourteenth Amendment due process rights.

The Plaintiff states that Assistant State's Attorney Dion is assigned to his case. He alleges that Dion acted under color of state law in his knowledge that Plaintiff's rights were violated and in failing to take actions to redress these violations. The Plaintiff further claims this constitutes a Fourteenth Amendment due process violation.

The Plaintiff also filed a motion for review of Order, whereby he asks the Court to review an Order by Illinois Circuit Judge John W. Belz. The Plaintiff

alleges Judge Belz found that the officer had probable cause to detain him. However, that issue was not raised in his motion to suppress and Judge Belz did not address any of the issues he was arguing.

II.

The Court has reviewed all of the Plaintiff's allegations and concludes that he has not asserted a viable claim. The Plaintiff is asking the Court to review rulings that have been made in an ongoing State of Illinois criminal proceeding.

However, federal courts do not interfere with state criminal proceedings except in extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 52-54 (1971). "The Younger abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *See Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).

The Plaintiff bases his claim on the officer's failure to advise him of his Miranda rights and his request that this Court review a ruling by a state court judge on that particular issue. According to the Sangamon County Circuit Clerk website, the Plaintiff's trial is set to begin on February 20, 2018. The Plaintiff is asking the Court to review ongoing state proceedings that are judicial in nature. The Court

finds that the State of Illinois has a strong interest in conducting its own trials without federal interference when an individual is accused of violating Illinois law. Because the Plaintiff has a right to appeal an adverse ruling on a motion to suppress, the Court further finds that state court provides an adequate opportunity for review of constitutional claims. Finally, the Court concludes that no extraordinary circumstances exist which would render abstention inappropriate.

"Younger abstention" is entirely appropriate in this case.

Therefore, the Court has no basis to consider the Plaintiff's claims or review Judge Belz's order. Because the Plaintiff has no cognizable claims, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

Ergo, this case is Dismissed pursuant to 28 U.S.C § 1915A(b)(1).

The Clerk will terminate any pending motions and close this case.

ENTER: January 30, 2018

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge